**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

**RUDY GERMAIN,**

                  **Plaintiff,**

    -against-

**THE CITY OF NEW YORK,**
**N.Y.C. POLICE OFFICER NEIDA**
**CADIZ, SHIELD #6814, AND N.Y.C.**
**POLICE LIEUTENANT "JOHN DOE",**
**EACH SUED INDIVIDUALLY AND**
**IN THEIR OFFICIAL CAPACITY,**

                  **Defendants.**

-----------------------------------------------------------X

**VERIFIED COMPLAINT AND DEMAND FOR A JURY TRIAL**

1. This is an action for compensatory and punitive damages for violation of Plaintiff's rights under the Fourth, Fifth Amendments and Fourteenth Amendment to the Constitution of the U.S. by reason of the unlawful acts of defendants.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is founded upon 28 U.S.C. § 1343. Venue is proper in this district under 28 U.S.C. § 1391(b) in that all claims arose in this district.

## PARTIES

3. Plaintiff is a resident of Queens County, City of New York, in the state of New York.

4. At all times hereinafter mentioned, the Defendant Police Officer was an employee of the New York City Police Department (HEREINAFTER REFERRED TO AS "N.Y.P.D.") acting within the scope and authority of their employment. They are being sued individually and in their official capacity as New York City Police Officers.

5. The Defendant CITY OF NEW YORK, (HEREINAFTER REFERRED TO AS "City"), was a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and as such maintained the New York City Police Department and employed the individual Defendants sued herein.

6. That upon information and belief the City was responsible for the training of its police officers.

7. That at all times herein the defendant, City, was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and/or employees of the N.Y.P.D.

8. That at all times mentioned herein the Defendant, City, knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officer involved in the violation of civil rights of the Plaintiff.

## FACTS

9. On or about June 11, 2006, at approximately 9:30 A.M., plaintiff was with his cousin and his cousin's friends in the vicinity of 314 W.54th Street, in Manhattan, attending the Puerto Rican day Parade., when he noticed that one of his cousin's friends was about to fight with another person.

10. Plaintiff's cousin and another friend named Mohammed grabbed that individual to prevent him from fighting.

11. At about that time, the police arrived and arrested Mohammed who was merely trying to prevent a friend from fighting.

12. Plaintiff and his cousin then asked the officers why they were arresting Mohammed.

13. The police told plaintiff's cousin to leave, and plaintiff grabbed his cousin to try to get him to leave as requested by the police.

14. Then, a defendant police officer walked over to plaintiff, asked him for identification, and then proceeded to arrest him, although he had not disobeyed any police order or given the police any other reason to arrest him.

15. Plaintiff was held for approximately four hours before he was given a summons accusing him of disorderly conduct, Summons # 4247922 44-0.

16. On or about August 8, 2006, the charge was dismissed against plaintiff at the Mid-Town Community Court.

17. Defendant City of New York has pursued a policy and custom of deliberate indifference to the rights of persons in its domain, including the Plaintiffs, in its procedures for supervising and removing, when appropriate, unstable and violent / incompetent police officers from their duties, including but not limited to the fact that Defendants City and/or N.Y.P.D. knew of the

individual Defendant's tendencies to make unlawful arrests, unlawful seizures, and otherwise commit unlawful acts, but took no steps to correct or prevent the exercise of such tendencies.

18. Defendant City knew or should have known that prior to June 11, 2006 of the perpetration of unlawful arrests and other unlawful acts by the defendant was occurring, in that, upon and information and belief, there were prior reports of such unlawful conduct by this specific officer.

19. Defendant City and N.Y.P.D., among other deficiencies, failed to institute a bona fide procedure in which Defendant City and/or N.Y.P.D. investigated the unlawful acts of Defendants or properly investigated reports of their alleged misconduct.

**FOR A FIRST CAUSE OF ACTION**
**FOR VIOLATION OF CIVIL RIGHTS**

20. Plaintiff reiterates and realleges the facts stated in the preceding paragraphs as if stated fully herein.

21. As a result of their actions. Defendants, under "color of law", deprived plaintiff of his right to freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

22. Defendant subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiffs rights would be violated by his actions.

23. As a direct and proximate result of the acts of Defendants, Plaintiff suffered physical injuries, endured great pain and mental suffering, and was deprived of his physical liberty.

## FOR A SECOND CAUSE OF ACTION

24. Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

25. Defendant City and N.Y.P.D., through The N.Y.C. Police Commissioner, as a municipal policymaker, in the hiring, training and supervision of the Defendant officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain, and Plaintiffs, violating Plaintiffs' rights to freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

26. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendants City and N.Y.P.D., Defendant officers committed the unlawful acts referred to above. Thus, Defendant City is liable for Plaintiffs injuries.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

1. Enter a judgment that defendants, by their actions, violated Plaintiffs' rights under state law, and violated Plaintiffs rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and violated Plaintiffs rights under State law; and,

2. Enter a judgment, jointly and severally, against Defendants, and The City of New York for compensatory damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) Dollars; and,

3. Enter a judgment, jointly and severally against the Defendant

officer and The City of New York for punitive damages in the amount of ONE MILLION ($1,000,000.00) Dollars; and,

    4. Enter an Order:

    a) Awarding plaintiff's reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988;

    b) Granting such other and further relief which to the Court seems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: New York, New York
       June 1, 2007

**STEVEN A. HOFFNER, ESQ.**

Attorney for the Plaintiff
350 Broadway, Suite 1105
New York, New York 10013
(212) 941-8330
(SH-0585)

## VERIFICATION

**STEVEN A. HOFFNER,** an attorney admitted to practice in the Courts of the State of New York states:

That the affirmant is the attorney of record for the plaintiff in the within action.

That the affirmant has read the Answer in this case and knows the contents thereof.

That the same is true as to affirmant's knowledge, except as to matters therein alleged to be on information and belief, and as to those matters affirmant believes them to be true.

That the reason this verification is made by affirmant is because the plaintiff does not reside in the county wherein affirmant maintains his office.

That the grounds of my belief as to all matters not stated upon my own knowledge are as follows:

investigation, client conferences, and review of the file.

The undersigned affirms that the following statements are true, under the penalties of perjury.

Dated: New York, New York
June 1, 2007

_____
STEVEN A. HOFFNER, Esq.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**--------------------------------------------------------X**

**RUDY GERMAIN,**

                            **Plaintiff,**

   **-against-**

**THE CITY OF NEW YORK,**
**N.Y.C. POLICE OFFICER NEIDA**
**CADIZ, SHIELD #6814, AND N.Y.C.**
**POLICE LIEUTENANT "JOHN DOE",**
**EACH SUED INDIVIDUALLY AND**
**IN THEIR OFFICIAL CAPACITY,**

                            **Defendants.**

**-------------------------------------------------------X**

      **VERIFIED COMPLAINT**
      **AND DEMAND FOR**
      <u>**A JURY TRIAL**</u>

    Attorney for Plaintiff
    Steven Hoffner, Esq.
    350 Broadway, Suite 1105
    New York, New York 10013
    Tel    (212) 941-8330
    Fax    (212) 941-8137