UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

RUDY GERMAIN,

                                Plaintiff,

-against-

THE CITY OF NEW YORK, N.Y.C. POLICE OFFICER
NEIDA CADIZ, SHIELD #6814, AND N.Y.C. POLICE
LIEUTENANT "JOHN DOE", EACH SUED
INDIVIDUALLY AND IN THEIR OFFICIAL
CAPACITY,

                                Defendants.

**ANSWER**

JURY TRIAL DEMANDED

07 Civ. 5452 (LAK)

------------------------------------------------------------------------ x

        Defendants City of New York and Neida Cadiz, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        2.     Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court , base venue, and proceed as stated therein.

        3.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint.

        4.     Deny the allegations set forth in paragraph "4" of the complaint, except admit that Neida Cadiz is employed by the City of New York as a police officer, that plaintiff purports to proceed as stated therein, and state that the allegation that the defendant police officer

was "acting within the scope and authority of their employment" is a conclusion of law, rather than an averment of fact, to which no response is required.

5.  Deny the allegations set forth in paragraph "5" of the complaint, except admit that the City of New York is a municipal corporation duly organized and operating under the laws of the State of New York, that the City of New York maintains a police department, and that Neida Cadiz is employed by the City of New York as a police officer.

6.  Deny the allegations set forth in paragraph "6" of the complaint, except admit that the City of New York maintains a police department.

7.  Deny the allegations set forth in paragraph "7" of the complaint.

8.  Deny the allegations set forth in paragraph "8" of the complaint.

9.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint, except admit that plaintiff was arrested by New York City police officers on or about June 11, 2006.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint, except admit that plaintiff was

issued a summons for disorderly conduct by New York City police officers on or about June 11, 2006.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. In response to the allegations set forth in paragraph "20" of the complaint, defendants repeat and reallege paragraphs "1" through "19" of this answer as if fully set forth herein.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. In response to the allegations set forth in paragraph "24" of the complaint, defendants repeat and reallege paragraphs "1" through "23" of this answer as if fully set forth herein.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

27. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

28. At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion. Therefore, they are entitled to governmental immunity from liability.

## **AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

29.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of the defendants.

## **AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

30.     Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

## **AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

31.     The plaintiff cannot obtain punitive damages as against the City of New York.

## **AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

32.     There was probable cause for plaintiff's arrest, detention, and prosecution.

## **AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

33.     Defendant Neida Cadiz has not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore is protected by qualified immunity.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

34.   To the extent that plaintiff asserts any state law claims, these claims are barred for failure to comply with conditions precedent to suit, pursuant to New York General Municipal Law §§ 50-e and 50-i.

**WHEREFORE,** defendants request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
August 31, 2007

    MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
Attorney for Defendants
100 Church Street, Room 3-137
New York, New York 10007
(212) 788-9790

By:   /s/
Amy N. Okereke (AO 3250)
Assistant Corporation Counsel
Special Federal Litigation Division

TO:   Steven Hoffner, Esq.
Attorney for Plaintiff
350 Broadway, Suite 1105
New York, NY 10013
(212) 941-8330 (by mail and E.C.F.)

## DECLARATION OF SERVICE BY MAIL

I, AMY N. OKEREKE, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on AUGUST 31, 2007, I served the annexed ANSWER upon the following counsel of record by depositing a copy of same, enclosed in a first class postpaid properly addressed wrapper, in a post office depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to said counsel of record at the address set forth below, being the address designated by plaintiff for that purpose:

>   Steven Hoffner, Esq.
>   Attorney for Plaintiff
>   350 Broadway, Suite 1105
>   New York, NY 10013

Dated:   New York, New York
         August 31, 2007

                                                      /s/
                                            AMY N. OKEREKE
                                            ASSISTANT CORPORATION COUNSEL

Index No. 07 Civ. 5452 (LAK)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUDY GERMAIN,

                                            Plaintiff,

-against-

THE CITY OF NEW YORK et al.,

                                            Defendants.

## ANSWER

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, New York  10007*

*Of Counsel:  Amy N. Okereke*
*Tel:  (212) 788-9790*

*Due and timely service is hereby admitted.*

*New York, N.Y........................................................................, 200...*

*............................................................................................. Esq.*

*Attorney for............................................................................*